83   86
159a 533

THOMAS I. STORM and Others, as Trustees of School District No. 5 of the Town of East Fishkill, Respondents, *v.* NEW YORK AND NEW ENGLAND RAILROAD COMPANY, Appellant.

*Eminent domain — equity action to restrain a railroad company from maintaining its tracks on plaintiff's land — findings as to the difference in value of land with and without the railroad — judgment for damages modified.*

The answer in an action, brought in equity against a railroad company to restrain it from using its tracks laid across land claimed to be owned by the plaintiffs, to compel the removal of the same and to recover damages for the trespass, prayed that, in case the complaint was not dismissed, the court would fix the amount which the plaintiffs were entitled to recover for past and future damages, and that on the payment thereof the plaintiffs should be decreed to deed to the defendant the land occupied by it — the subject of the action.

*Held,* that a finding by the court, that the difference in the value of the land, with and without the railroad, was a certain amount, was within the issue formed by the pleadings ;

That a judgment rendered in such action, in favor of the plaintiffs for that amount, with a provision that if that amount was not paid the plaintiffs might bring an action of ejectment against the defendant for the recovery of the land, would, upon an appeal therefrom, be modified by the General Term so as to provide that upon payment of the damages within thirty days after service of a copy of the judgment, the plaintiffs should convey to the defendant the land occupied by it by deed to be approved by a justice of this court, and that in case the damages were not paid in that time the plaintiffs should have leave to maintain an action of ejectment to recover the land.

APPEAL by the defendant, the New York and New England Railroad Company, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of Dutchess on the 29th day of December, 1893, upon the decision of the court rendered after a trial at the Dutchess Special Term.

The judgment in this case directed that the plaintiffs recover from the defendant the sum of $1,500 damages, besides the sum of $215.35 costs as taxed, making in all the sum of $1,715.35.

. It was further ordered and adjudged that if this judgment was not paid by the defendant, that the said school district or the trustees of said School District No. 5 of the town of East Fishkill were authorized and empowered to bring and maintain an action of ejectment against the defendant for the land unlawfully taken and

occupied by the defendant for its tracks and for the purposes of its railroad.

*Walter C. Anthony,* for the appellant.

*Hackett & Williams,* for the respondents.

BROWN, P. J.:

This action was brought in equity to restrain the appellant from using its tracks across land claimed to be owned by the plaintiffs, and to compel the removal of the same, and to recover damages for the trespass.

In its answer the defendant prayed that, in case the complaint was not dismissed, the court would fix the amount which plaintiffs were entitled to recover for past and future damages, and direct that on payment thereof the plaintiffs be decreed to deed to defendant the lands occupied by it, and which were the subject of the action.

The case was brought to trial at Special Term, and the court found that the difference in the value of the land, with and without the railroad, was $1,500, and it awarded plaintiffs judgment for that sum and costs, and provided that, if it was not paid, the plaintiffs might bring an action of ejectment against defendant for the land.

The appellant does not now dispute the plaintiffs' title or claim that the damages are excessive. Its claim is, that the court should have assessed the damages as for a trespass solely, and that the award of the value of the land taken was erroneous. The facts decided by the court were within the issue made by the pleadings, and if the proper judgment had been rendered the appellant would have no cause for complaint. The court has power, upon this appeal, to modify the judgment and conform it to the facts proven, and this should now be done. The judgment should be modified so as to provide that, upon payment of the damages within thirty days after service of a copy of the judgment, plaintiffs convey to the defendant by deed, to be approved as to form by a justice of the court, the land occupied by it, and that in case the damages are not paid within the time aforesaid, that plaintiffs have leave to maintain

an action in ejectment to recover the land, and, as so modified, the judgment should be affirmed, without costs of appeal.

DYKMAN and CULLEN, JJ., concurred.